UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CAPTAIN SEAN MILLER (RET.)**, | ) |
| Plaintiff, | ) Case No. 3:18-cv-00113 |
| v, | ) Judge Thomas M. Rose |
| **GE HEALTHCARE, INC.**, *et al.*, | ) Magistrate Judge Michael J. Newman |
| Defendants. | ) |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## OF DEFENDANTS GE HEALTHCARE INC., GE HEALTHCARE AS,
## AND GENERAL ELECTRIC COMPANY

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants GE Healthcare Inc., GE Healthcare AS, and General Electric Company (collectively, the "GE Defendants") respectfully move to dismiss Plaintiff's Complaint. Plaintiff asserts five causes of action against the GE Defendants, all of which are grounded on various product liability theories based on claimed injuries arising from the administration of the prescription medication, Omniscan and Optimark (which is another company's product).

Under Ohio law, all such claims are abrogated by, and must be brought with specific reference to, the Ohio Product Liability Act ("OPLA"), Ohio Rev. Code § 2307.71, *et seq*. Plaintiff may not proceed on the claims as he has pled them because they simply do not exist under Ohio law. For these reasons, federal courts applying Ohio law routinely rule that plaintiffs bringing a case under Ohio law must plead only those claims permitted by the OPLA. Plaintiff has not done so; therefore, this Court should dismiss the complaint.

The GE Defendants further move to dismiss Plaintiff's request for punitive damages because the OPLA only permits claims for punitive damages in cases involving pharmaceuticals

1

where the manufacturer committed fraud on the FDA. The Sixth Circuit has repeatedly found that federal law preempts such claims for punitive damages unless the FDA itself has made a finding of fraud. Plaintiff makes no allegation that the FDA has made any such finding of fraud regarding either prescription medication at issue here. Therefore, as a matter of law, Plaintiff cannot maintain his punitive damages claim against the GE Defendants.

Finally, pursuant to Rule 12(b)(5), the Court should dismiss Plaintiff's claims against Defendant GE Healthcare AS, a Norwegian corporation, for insufficient service of process. Although Plaintiff claims to have properly served GE Healthcare AS, Plaintiff has not undertaken service as required by the provisions of the Hague Convention. Because Plaintiff has failed to effect service of process on GE Healthcare AS, a foreign corporation, pursuant to the Hague Convention, the Court cannot exercise personal jurisdiction over that named defendant.

For these reasons and as is more fully explained in the accompanying memorandum that is incorporated here, the GE Defendants respectfully request that the Court dismiss Plaintiff's claims because the Complaint fails to state a claim under the OPLA, and because punitive damages cannot be awarded here. GE Healthcare AS also asks that this Court dismiss Plaintiff's claims against it because Plaintiff has failed to properly serve GE Healthcare AS in accordance with the Hague Convention.

Respectfully submitted,

*/s/ J. Philip Calabrese*
J. Philip Calabrese (0072709)[*]
   [*]Trial Attorney
Porter Wright Morris & Arthur LLP
950 Main Avenue, Suite 500
Cleveland, Ohio 44113-7201
Phone:          (216) 443-2504
Facsimile:     (216) 442-9011
Email:  pcalabrese@porterwright.com

Justin J. Joyce (0090683)
Porter Wright Morris & Arthur LLP
250 E. Fifth Street, Suite 2200
Cincinnati, Ohio 45206
Phone: (513) 381-4700
Facsimile: (513) 421-0991
Email: jjoyce@porterwright.com

Michael L. O'Donnell (admitted *pro hac vice*)
Jeremy A. Moseley (admitted *pro hac vice*)
Wheeler Trigg O'Donnell, LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Phone: (303) 244-1800
Facsimile: (303) 244-1879
Email: odonnell@wtotrial.com
moseley@wtotrial.com

*Counsel for Defendants GE Healthcare Inc. and General Electric Company, and specially appearing for GE Healthcare AS*

## MEMORANDUM IN SUPPORT

Plaintiff seeks to recover on five separate causes of action—none of which is cognizable under Ohio law. The Ohio Product Liability Act ("OPLA") expressly abrogates all common law product liability causes of action. Further, all product liability claims in Ohio must reference the specific provisions of the OPLA under which they are brought. The Complaint does not cite the OPLA at all, let alone the specific provisions under which Plaintiff brings his claims. Accordingly, Plaintiff fails to state a claim on which relief may be granted.

Additionally, under Ohio law, a plaintiff may only plead and prove punitive damages in a case involving a pharmaceutical approved by the U.S. Food and Drug Administration ("FDA") where a defendant has committed a fraud on the FDA. Under the law of this Circuit, any such finding of fraud must be made by the FDA itself. Here, Plaintiff has not pled that FDA made any such finding—nor could he. Accordingly, Supreme Court and Sixth Circuit precedents recognize that federal law preempts Plaintiff's claim for punitive damages.

Finally, the claims against GE Healthcare AS should be dismissed because Plaintiff has failed to effect service pursuant to the terms of the Hague Convention. This failure prevents the Court from establishing personal jurisdiction over GE Healthcare AS.

## STATEMENT OF FACTS[1]

Plaintiff's Complaint alleges that, at some undefined point in time, Plaintiff underwent "one or multiple MRAs and/or MRIs." (Doc. 1, Complaint, PageID #9, at p. 9, ¶ 40.) These procedures required the injection of contrast agents, and Plaintiff alleges that he was injected with "Omniscan and/or Optimark," during these procedures. (*Id.*) Plaintiff further alleges that after he was injected with Omniscan and/or Optimark, he developed Gadolinium Deposition

---

[1] The GE Defendants accept these facts as true only for purposes of this motion and reserve all rights to contest the factual and legal bases for Plaintiff's claims as appropriate.

Disease ("GDD"), which Plaintiff alleges causes headaches, bone and joint pain, and clouded mental activity. (*Id.*, PageID #9-10, at pp. 9-10, ¶¶ 40-41.) Plaintiffs' Complaint contains no allegations that "GDD" is a recognized or accepted medical condition. Notably, Plaintiff's Complaint acknowledges that Omniscan and/or Optimark were approved and are regulated by the FDA. (*Id.*, PageID #12, at p. 12, ¶¶ 58-59.)

Plaintiff's Complaint pleads five separate causes of action against the GE Defendants:

- Count 1: strict product liability—failure to warn (*id.*, PageID #17, at p. 17, ¶¶ 80-83);

- Count 2: negligence (*id.*, PageID #17-18, at pp. 17-18, ¶¶ 84-90);

- Count 3: fraud (*id.*, PageID #18-20, at pp. 18-20, ¶¶ 91-101);

- Count 4: fraud—concealment, suppression, or omission of material facts (*id.*, PageID #20-21, at pp. 20-21, ¶¶ 102-05); and

- Count 5: negligent misrepresentation (*id.*, PageID #21, at p. 21, ¶¶ 106-11).

Plaintiff requests compensatory damages, punitive damages, and a number of other forms of financial relief in connection with this action. (*Id.*, PageID #21-22, at pp. 21-22.)

**LAW AND ARGUMENT**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts pursuant to Rule 8(a), which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions devoid of further

5

factual enhancement' contribute nothing to the sufficiency of the complaint." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). If the facts alleged are insufficient to state a valid claim, dismissal of the action is proper. *Blake v. Wells Fargo Bank, NA*, 916 F. Supp. 2d 839, 841 (S.D. Ohio 2013) (Frost, J.); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir.1978).

**I.  The OPLA Requires Dismissal of Plaintiff's Claims.**

In Ohio, product liability claims are governed by the OPLA, Ohio Rev. Code § 2307.71, *et seq.* Under Ohio law, a "product liability claim" means "a claim or cause of action . . . that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:

a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of the product;

b) Any warning or instruction, or lack of warning or instruction, associated with that product;

c) Any failure of that product to conform to any relevant representation or warranty."

Ohio Rev. Code § 2307.71(A)(13).

There are only four kinds of product liability causes of action under the OPLA: (1) manufacturing defect under Ohio Rev. Code § 2307.74; (2) design defect under Ohio Rev. Code § 2307.75; (3) defect due to inadequate warning under Ohio Rev. Code § 2307.76; and (4) failure to conform to representation under Ohio Rev. Code § 2307.77. *See Tolliver v. Bristol-Myers Squibb Co.*, No. 1:12 CV 00754, 2012 U.S. Dist. LEXIS 105518, at *7 (N.D. Ohio July 30,

2012). The OPLA expressly "abrogate[s] all common law product liability causes of action." Ohio Rev. Code § 2307.71(B); *Wimbush v. Wyeth*, 619 F.3d 632, 637 (6th Cir. 2010). Consequently, plaintiffs must clarify which OPLA provisions govern their claims to provide that those claims are not common law claims. Federal courts applying Ohio law require that, "[w]hen bringing claims under the OPLA, plaintiffs should clarify which OPLA provision governs the claims in their complaint." *Tolliver*, 2012 U.S. Dist. LEXIS 105518, at *7 (citing *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 843 n.6 (S.D. Ohio 2003) (Marbley, J.)).

Here, Plaintiff attempts to plead product liability claims. There is no question that Plaintiff attempts to recover compensatory damages for alleged physical injuries—the very definition of a product liability claim under the OPLA. Ohio Rev. Code § 2307.71(A)(13). However, Plaintiff fails to mention the OPLA in his Complaint and fails to cite any specific provision under which he attempts to state a claim or seeks relief. As the federal courts have repeatedly recognized, a plaintiff may not state a product liability claim under Ohio law except under the OPLA. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and the Court should dismiss it.

### A. The OPLA Abrogates Plaintiffs' Common-Law "Strict Liability: Failure to Warn" Claim (Count 1).

The OPLA preempts Plaintiff's common law cause of action for strict product liability—failure to warn. (Doc. 1, Complaint, PageID #17, at p. 17, ¶¶ 80-83.) As noted above, this cause of action is a product liability claim under the OPLA, and a plaintiff must therefore plead this claim with reference to the specific provision of the OPLA under which he brings suit. *See Tolliver*, 2012 U.S. Dist. LEXIS 105518, at *7; *Mitchell v. Proctor & Gamble*, Case No. 2:09-CV-426, 2010 U.S. Dist. LEXIS 17956, at *11 (S.D. Ohio Mar. 1, 2010) (Marbley, J.) (noting that "[c]laims that are authorized by the OPLA should be pled with reference to the applicable

7

provision of the OPLA" and dismissing strict product liability claims for failing to do so). Because Plaintiff may only proceed under the causes of action specifically enumerated and permitted by the OPLA, and because Plaintiff fails to reference those provisions in his Complaint, this claim must be dismissed.

### B. The OPLA Preempts Plaintiff's Common Law Negligence Claim (Count 2).

Plaintiff's negligence claim is also a product liability claim within the scope of the OPLA. Plaintiff alleges the GE Defendants were negligent in the "design, formulation, manufacture, sale, testing, marketing, or distribution of gadolinium-based contrast agents (including Omniscan and Optimark)." (Doc. 1, Complaint, PageID #17-18, at pp. 17-18, ¶¶ 86.) "Courts in this jurisdiction have found that common law negligence actions may also be preempted by the OPLA where the actionable conduct that forms the basis of the negligence claim—negligent research, manufacturing, testing, marketing, and failure to warn—is the same conduct that the OPLA defines as giving rise to a product liability claim." *Mitchell*, 2010 U.S. Dist. LEXIS 17956, at \*9 (internal citations omitted); *Stratford v. SmithKline Beecham Corp.*, Case No. 2:07-CV-639, 2008 U.S. Dist. LEXIS 84826, at \*13 (S.D. Ohio June 17, 2008) (Graham, J.) (finding that the plaintiff's claim for common law negligence was preempted by the OPLA where the actionable conduct forming the basis of the negligence claim fell under the OPLA's definition of a "products liability claim"); *see also Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 918-22 (N.D. Ohio Mar. 18, 2009). Because Plaintiff's negligence claim is a common law product liability claim that no longer exists under Ohio law, the Court should dismiss this cause of action.

### C. Plaintiff's Fraud Claims Are Preempted and Do Not Meet the Requirements of Rule 9(b) (Counts 3 and 4).

Plaintiff's fraud claims fail for two separate and independent reasons. First, the Sixth Circuit has held that both the OPLA and federal law foreclose fraud claims such as Plaintiff's. Second, Plaintiff fails to plead his claim with the level of specificity required by Rule 9(b).

#### 1. Both the OPLA and Federal Law Preempt Plaintiff's Fraud Claims.

Plaintiff alleges generally that the GE Defendants "knowingly and intentionally made materially false and misleading representations to Plaintiff's healthcare providers and to the public, to the effect that gadolinium-based contrast agents (including Omniscan and Optimark) were safe for use." (Doc. 1, Complaint, PageID #19, at p. 19, ¶ 92.) The Sixth Circuit holds that the OPLA preempts common-law claims of fraud based on product liability theories. *Krumpelbeck v. Breg, Inc.*, 491 F. App'x 713, 721 (6th Cir. 2012) ("[T]he district court properly granted summary judgment on [the plaintiff's] common law claims of . . . fraud."). This precedent requires dismissal of Plaintiff's fraud claims.

Additionally, to the extent Plaintiff seeks recovery for fraud committed on the FDA and the medical community at large, such claims are preempted by federal law. In *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001), the Supreme Court held that "state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly preempted by federal law." Courts within the Sixth Circuit have since followed *Buckman* and specifically hold that fraud-on-the-FDA claims brought under Ohio law are preempted. *See Miller v. Alza Corp.*, 759 F. Supp. 2d 929, 945 (S.D. Ohio Dec. 17, 2010) (Black, J.) ("Claims asserting fraud on the FDA are preempted by the Food, Drug, and Cosmetics Act"). Consequently, the claims articulated by Plaintiff for fraud committed on the FDA and, by extension, on the greater medical community, are preempted and must be dismissed.

### 2. Plaintiff Fails to Comply with the Requirements of Rule 9(b).

Plaintiff's allegations also fail to plead fraud with specificity as Rule 9(b) requires. To state a claim for fraud, "a plaintiff must allege, at a minimum, 'the time, place, and content of the alleged misrepresentation on which he or he relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud'"—in other words, a plaintiff must allege the "who, what, where, when, and how" of any alleged misrepresentation. *Allen v. Anderson Windows, Inc.*, 913 F. Supp. 2d 490, 515 (S.D. Ohio 2012) (Frost, J.). On these required facts, Plaintiff's Complaint is wholly lacking.

Plaintiff alleges only that the GE Defendants made "false and misleading representations" regarding Omniscan and/or Optimark, and that "labeling, marketing, and promotional materials [for these products] did not fully describe all known risks of the products." (Doc. 1, Complaint, PageID #19, at p. 19, ¶¶ 92-93.) The Complaint then provides a list of similarly general, vague, and unsupported allegations about the information the GE Defendants supposedly intentionally concealed. (*Id.*, PageID #19-20, at pp. 19-20, ¶¶ 94-99.) As in *Allen*, the allegations of fraud in Plaintiff's Complaint are "conclusory in nature with no details as to the specifics of who made the fraudulent statement, when the fraudulent statement was made, where the fraudulent statement was made, or how the statement was part of the sort of fraudulent scheme that [Plaintiff] contends was afoot here." 913 F. Supp. at 515. Because Plaintiff's fraud claims do not meet the specificity requirements of Rule 9(b), the Court should dismiss these causes of action.

### D. The OPLA Preempts Plaintiff's Negligent Misrepresentation Claim (Count 5).

Like his common law strict liability and negligence claims, Plaintiff's claim for Negligent Misrepresentation (Doc. 1, Complaint, PageID #21, at p. 21, ¶¶ 106-11) is a product

liability claim abrogated by the OPLA. A product liability claim includes any claim that arises from "any failure of a product to conform to any relevant *representation* or warranty." Ohio Rev. Code § 2307.71(A)(13)(c) (emphasis added).

Courts have found that the OPLA has abrogated negligent misrepresentation claims. Plaintiff alleges that "Defendants supplied the public and Plaintiff's healthcare provider with materially false and incomplete information with respect to the safety of their gadolinium-based contrast agents." (Doc. 1, Complaint, PageID #21, at p. 21, ¶ 107.) "The OPLA definition of 'product liability claim' includes '[a]ny warning or instruction, or lack of warning or instruction associated with' the product at issue as well as representations of material facts concerning the product." *Piskura v. Taser Int'l*, Case No. 1:10-cv-248, 2012 U.S. Dist. LEXIS 155216, at *59 (S.D. Ohio Oct. 29, 2012) (Litkovitz, M.J.) (quoting Ohio Rev. Code § 2307.71(A)(13)(b)). Here, as in *Piskura*, Plaintiff's misrepresentation claim is squarely directed at the GE Defendants' alleged failure to provide appropriate warnings and information with respect to their product. *See id.*; *Krumpelbeck*, 491 F. App'x at 721-22. Consequently, Plaintiff's Complaint fails to state a claim for negligent misrepresentation.

## II. Plaintiff's Punitive Damages Claim Is Preempted as a Matter of Law.

Plaintiff also seeks punitive damages in connection with his claims. Because the FDA has made no finding that the GE Defendants fraudulently withheld information from or misrepresented information to it, however, Plaintiff cannot recover punitive damages under controlling Supreme Court and Sixth Circuit precedents.

Under the OPLA, "the manufacturer of a drug or device shall not be liable for punitive or exemplary damages" if the drug "was manufactured and labeled . . . in accordance with the terms of an approval or license issued by the [FDA]." Ohio Rev. Code § 2307.80(C)(1)(a). The sole

11

exception to this immunity against punitive damages provides that a plaintiff may recover punitive damages if "the manufacturer fraudulently and in violation of applicable regulations of the [FDA] withheld from the [FDA] information known to be material and relevant to the harm that the claimant allegedly suffered." *Id.* § 2307.80(C)(2). Under Sixth Circuit law, however, FDA *itself* must make a finding of fraud for this exception to apply.

In *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 965-66 (6th Cir. 2004) (citing *Buckman*, 531 U.S. at 350), the Sixth Circuit considered the application of an analogous "fraud-on-the-FDA" exception in a Michigan statute that immunizes drug manufacturers against product liability claims if the drug at issue is manufactured and labeled in accordance with FDA approvals. Relying on *Buckman*, 531 U.S. 341, in which the Supreme Court held that state-law fraud-on-the-FDA claims are preempted by the federal Food, Drug, and Cosmetics Act, the Sixth Circuit held that Michigan's fraud-on-the-FDA exception to immunity was also subject to preemption. *Garcia*, 385 F.3d at 965-66 ("*Buckman* teaches that state tort remedies requiring proof of fraud committed against the FDA are foreclosed since federal law preempts such claims.") (internal quotation marks omitted).

Because the Supreme Court's decision was animated by concerns about judicial encroachment on "the FDA's responsibility to police fraud consistently with the Agency's judgment and objectives," *Buckman*, 531 U.S. at 350, the Sixth Circuit held that *Buckman* requires preemption of a state law fraud-on-the-FDA exception unless the FDA itself has made a finding of fraud. *Garcia*, 385 F.3d at 966. Accordingly, where a private plaintiff seeks a judicial finding of fraud-on-the-FDA, *Buckman* requires preemption of the exception. *See id.* The Sixth Circuit concluded that federal law preempted Michigan's fraud-on-the-FDA exception to immunity because the plaintiff alleged fraud on the FDA *but did not present any finding of fraud*

12

*by the FDA*. *Id*. at 965; *see also Zammit v. Shire US, Inc*., 415 F. Supp. 2d 760, 768 (E.D. Mich. 2006) ("Because the FDA itself has made no . . . findings of deficiencies or fraud, Plaintiff cannot invoke the 'fraud on the FDA' exception to the immunity enjoyed by Defendant.").

Here, Plaintiff does not allege that the FDA has made a finding of fraud with respect to the GE Defendants and Omniscan. Nor could he. Accordingly, *Buckman* and *Garcia* preempt the OPLA's fraud-on-the-FDA exception as applied in this case such that Plaintiff may not recover punitive damages. If an exception to immunity from *all* product liability claims is invalid under *Buckman*, then the OPLA's more narrow exception to immunity from product liability claims for punitive damages must also be invalid. Indeed, federal courts applying statutory schemes like Ohio's have followed *Garcia* in holding that fraud-on-the-FDA exceptions to immunity from state law claims are preempted absent an FDA finding of fraud. *See Lofton v. McNeil Consumer & Specialty Pharm*., 672 F.3d 372, 380 (5th Cir. 2012) ("In cases like this, where the FDA has not found fraud, the threat of imposing state liability on a drug manufacturer for defrauding the FDA intrudes on the competency of the FDA and its relationship with regulated entities.").

In fact, the Sixth Circuit has expanded *Garcia* specifically to encompass claims where it is alleged "that the manufacturer misrepresented or withheld information about a drug from the FDA after the FDA had approved it." *Marsh v. Genentech, Inc*., 693 F.3d 546, 551 (6th Cir. 2012). There, the court found that the failure to submit required reports to the FDA "is arguably a species of fraud on the agency" and that *Garcia* preempts Plaintiffs' claims on such a theory. *Id.* at 553. Similarly, the Sixth Circuit has rejected attempts to distinguish *Garcia* through artful pleading or by alleging post-approval fraud. *See In re Aredia & Zometa Prods. Liab. Litig*., Nos. 08-5573, 08-5574, 08-5575, 352 F. App'x 994, 995 (6th Cir. 2009). There, the Sixth Circuit

reiterated that "'state tort remedies requiring proof of fraud committed against the FDA are foreclosed since federal law preempts such claims.'" *Id*.

For these reasons, in the absence of a finding of fraud by the FDA, the Sixth Circuit's application of *Buckman* in *Garcia* and *Marsh* forecloses Plaintiffs' claims for punitive damages as a matter of law. Therefore, this Court should dismiss Plaintiff's claim for punitive damages.

### III. Plaintiff's Claims Against GE Healthcare AS Should Be Dismissed for Failure of Service of Process.

Finally, Plaintiff's claims against GE Healthcare AS should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. A Rule 12(b)(5) motion challenges the mode of serving the summons and complaint, which is set forth in Rule 4. *Garcia v. Rushing*, Case No. 4:11CV00734, 2012 U.S. Dist. LEXIS 25122, at *4-5 (N.D. Ohio Feb. 28, 2012). Pursuant to Rule 4(f), service on a foreign corporation is accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *Hudson Fin. Corp. v. Autoliv Steering Wheels Mex.*, Case No. 1:11CV1117, 2012 U.S. Dist. LEXIS 145128, at *2-3 (N.D. Ohio Oct. 5, 2012) (citing Fed. R. Civ. P. 4(f)(1)).

GE Healthcare AS is a foreign corporation. It is organized under the laws of the Kingdom of Norway and has its principal place of business in Oslo, Norway. (Doc. 1, Complaint, PageID #2-3, at pp. 2-3, ¶ 5.) GE Healthcare AS was not served pursuant to the Hague Convention; instead, the docket reflects that Plaintiff attempted to serve GE Healthcare AS by delivering the summons and complaint to GE Healthcare Inc.'s agent, CT Corporation, in Los Angeles, California. (*See* Doc. 21-1, Return of Service, PageID #110, at p. 1.) Because the Court cannot exercise personal jurisdiction over GE Healthcare AS until proper service of

process has been effected pursuant to Rule 4(f) and the Hague Convention, the Court should dismiss the claims against GE Healthcare AS.

## CONCLUSION

For all the foregoing reasons, the GE Defendants respectfully request that the Court dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted and for improper service of GE Healthcare AS.

Respectfully submitted,

*/s/ J. Philip Calabrese*
J. Philip Calabrese (0072709)[*]
    [*]Trial Attorney
Porter Wright Morris & Arthur LLP
950 Main Avenue, Suite 500
Cleveland, Ohio 44113-7201
Phone:    (216) 443-2504
Facsimile:    (216) 442-9011
Email:  pcalabrese@porterwright.com

Justin J. Joyce (0090683)
Porter Wright Morris & Arthur LLP
250 E. Fifth Street, Suite 2200
Cincinnati, Ohio 45206
Phone:    (513) 381-4700
Facsimile:    (513) 421-0991
Email:  jjoyce@porterwright.com

Michael L. O'Donnell (admitted *pro hac vice*)
Jeremy A. Moseley (admitted *pro hac vice*)
Wheeler Trigg O'Donnell, LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Phone:    (303) 244-1800
Facsimile:    (303) 244-1879
Email:  odonnell@wtotrial.com
        moseley@wtotrial.com

*Counsel for Defendants GE Healthcare Inc. and General Electric Company, and specially appearing for GE Healthcare AS*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2018, I electronically filed the foregoing with the Clerk of the United States District Court, Southern District of Ohio, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

<u>/s/ *J. Philip Calabrese*</u>
*Counsel for Defendants GE Healthcare Inc.*
*and General Electric Company, and*
*specially appearing for GE Healthcare AS*
