**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CAPTAIN SEAN MILLER (RET.), | : | Case No. 3:18-cv-113 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| GE HEALTHCARE, INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING MOTION TO SET ASIDE JUDGMENT PURSUANT TO RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE (DOC. 51), VACATING ORDER GRANTING MOTION TO DISMISS (DOC. 50) PLAINTIFF'S COMPLAINT, AND SETTING DEADLINE TO RESPOND TO MOTION TO DISMISS (DOC. 36)**

---

This case is before the Court on the Motion to Set Aside Judgment Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (Doc. 51) filed by Plaintiff Captain Sean Miller. Defendants GE Healthcare, Inc. and General Electric Company (collectively "GEHC"); Defendants Guerbet, LLC and Liebel-Flarsheim Company, LLC (collectively "Guerbet"); and Defendants Mallinckrodt, Inc. and Mallinckrodt, LLC (collectively "Mallinckrodt") filed a Memorandum in Opposition (Doc. 54) to the Motion to Set Aside Judgment, in response to which Plaintiff has filed a Reply (Doc. 56). This matter is therefore ripe for review. For the reasons below, the Court **GRANTS** the Motion to Set Aside Judgment.

## I.     BACKGROUND

This is a product liability action in which Plaintiff alleges that Defendants are responsible for injuries caused by the administration of a gadolinium-based contrast agent when he underwent an MRI. (Doc. 1.) On April 10, 2018, this case was transferred to this District from the Northern District of California. (Doc. 28.) On May 3, 2018, GEHC moved to dismiss the Complaint

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim cognizable under Ohio law. (Doc. 36.) Guerbet and Mallinckrodt joined in GEHC's Motion to Dismiss. (Docs. 42, 47.)

Plaintiff failed to respond to Defendants' Motion to Dismiss by his deadline of May 24, 2018. On that day, however, Plaintiff's counsel exchanged emails with Defendants' counsel regarding amending the Complaint. Defendants agreed to extend Plaintiff's time to oppose the Motion to Dismiss so the parties might negotiate a mutually agreeable amended complaint. Through June 11, 2018, Plaintiff's counsel was continuing to work on an amended complaint and requested Defendants' agreement to a further extension of Plaintiff's deadline to respond to the Motion to Dismiss. Despite Defendants' agreements to these extensions, Plaintiff never filed a request for an extension of time with the Court. As a partial explanation, Plaintiff's counsel asserts that its case management software suffered a malfunction in the Spring of 2018. As a result, certain calendared case-related deadlines were changed and Plaintiff's counsel did not receive reminders of the deadline to respond to the Motion to Dismiss.

Additionally, on July 31, 2018, Plaintiff filed a Motion to Transfer this case to the United States Judicial Panel on Multidistrict Litigation ("JPML"). Although the Court did not lose jurisdiction over this case during the pendency of the Motion to Transfer, it deferred ruling on the pending Motion to Dismiss until the JPML issued a decision regarding transfer. On October 15, 2018, the JPML denied transfer of this case (among other related cases) to a centralized multi-district litigation. The Court thereafter reviewed the Motion to Dismiss and on October 19, 2018, in the absence of any opposition, granted the Motion to Dismiss for the reasons stated in Defendants' supporting memoranda. (Doc. 50.)

On November 14, 2018, Plaintiff filed the Motion to Set Aside Judgment now before the Court. (Doc. 51.)

II.     **ANALYSIS**

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment, order or proceeding due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P 60(b)(1), (6). Three factors are considered

2

when making a Rule 60(b)(1) determination: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). Courts consider the second and third factors only if the party seeking relief "demonstrate[s] first and foremost that the default did not result from his culpable conduct." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

Plaintiff asks the Court to set aside its judgment on the basis of mistake and excusable neglect. While Plaintiff bears responsibility for his failure to respond to the Motion to Dismiss, that failure will be excused due to the particular circumstances of this case. Plaintiff sought an extension from Defendants for purposes of reaching an agreement regarding the filing of an amended complaint—which, if successful, would have saved the Court's and parties' time and resources. Those discussions stalled, which caused further delay. The possible transfer of this case to a multi-district litigation inserted additional delay for which none of the parties is responsible. But for the pending motion to transfer, the Court would have alerted Plaintiff to his failure to respond earlier. Lastly, Plaintiff's counsel's case management system failed. They should have had a redundant system in place, and perhaps now they will.

The overriding factor in the Court's decision is its interest in trying this case on its merits. Without relief from the judgment, Plaintiff will lose his case based on his attorney's calendaring error. Defendants are not prejudiced by a determination that this case should be resolved on its merits. Defendants' arguments concerning the merits of Plaintiff's claims might be successful, but they should be fully briefed before the Court considers them. This case is still in the pleading stages—despite how long it has been pending—and Plaintiff has expressed an interest in amending the complaint. It is in the interest of justice that Plaintiff have an opportunity to plead his claims as he sees fit and defend them from a motion to dismiss.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Set Aside Judgment (Doc. 51) and **VACATES** its Order (Doc. 50) granting Defendants' Motion to Dismiss.  Plaintiff has 14 days from the entry of this Order to respond to the Motion to Dismiss (Doc. 36) or to file an Amended Complaint.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 7, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE